UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARNEY DIAMOS,<br><br>    Plaintiff,<br><br>    v.<br><br>FAY SERVICING, LLC, et al.,<br><br>    Defendants. | Case No. 16-cv-05164-DMR<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 8 |

Defendants Fay Servicing, LLC ("Fay") and Christiana Trust, a division of Wilmington Savings Fund Society, FSB ("Christiana Trust") move the court to dismiss Plaintiff Barney Diamos's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. [Docket No. 8.] The court held a hearing on December 8, 2016. For the following reasons as well as the reasons stated at the hearing, Defendants' motion is granted and Plaintiff's complaint is dismissed with leave to amend.

## I. BACKGROUND

Plaintiff makes the following allegations in the FAC, all of which are taken as true for purposes of this motion.[1] On April 18, 2006, Plaintiff refinanced the loan for his residential property in San Francisco, California, executing a promissory note and deed of trust in favor of Home Loans USA for $810,000. Compl. ¶¶ 9, 10, Ex. 1 (Deed of Trust). The Adjustable Rate Rider attached to the deed of trust contains the following provision:

**(F) Limit on My Unpaid Principal; Increased Monthly Payment**

My unpaid Principal can never exceed the Maximum Limit equal to

---

[1] When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted).

> ONE HUNDRED FIFTEEN AND 000/1000 percent (115.000%) of the Principal amount I originally borrowed. My unpaid Principal could exceed that Maximum Limit due to Minimum Payments and interest rate increases. In that event, on the date that my paying my monthly payment would cause me to exceed that limit, I will instead pay a new monthly payment. . . . [t]he new Minimum Payment will be in an amount that would be sufficient to repay my then unpaid Principal in full on the Maturity Date in substantially equal payments at the current interest rate.

Deed of Trust at ECF p. 34 ("Maximum Principal Provision"). The promissory note contains similar provisions:

> **1. BORROWER'S PROMISE TO PAY.** I promise to pay U.S. $810,000 (this amount is called "Principal"), plus interest, to the order of Lender. The Principal amount may increase as provided under the terms of this Note but will never exceed ONE HUNDRED FIFTEEN PERCENT of the Principal amount I originally borrowed. This is called the "Maximum Limit." . . .
>
> . . .
>
> **3. (F) Limit on My Unpaid Principal; Increased Monthly Payment**
> My unpaid Principal can never exceed the Maximum Limit equal to 115.000% of the Principal amount I originally borrowed. My unpaid Principal could exceed that Maximum Limit due to Minimum Payments and interest rate increases. In that event, on the date that my paying my monthly payment would cause me to exceed that limit, I will instead pay a new monthly payment.

Compl. Ex. 2 (Promissory Note) at ECF pp. 40-41. On August 15, 2011, Home Loans USA assigned the loan to BAC Home Loans Servicing, LP, who thereafter assigned the loan to Christiana Trust. Compl. ¶ 12. Fay is the current servicer of the loan on behalf of Christiana Trust. *Id*.

In or around July 2010, Plaintiff initiated a loan modification process with his then-servicer, Bank of America, N.A. Ocwen Loan Servicing, LLC ("Ocwen") later became the servicer of Plaintiff's loan and initiated foreclosure proceedings against the property. *Id*. at ¶ 14. Plaintiff filed a lawsuit against Bank of America, N.A. and Ocwen in San Francisco County Superior Court, which remains pending. *Id*. at ¶ 14.

On July 21, 2016, Fay, on behalf of Christiana Trust, sent Plaintiff a payoff statement which stated that the total payoff amount for the loan is $1,264,223.48. *Id*. at ¶ 16; Defs.' Req. for

Judicial Notice ("RJN") Ex. 1 (Payoff Statement).[2]  The payoff statement, dated July 21, 2016, breaks down the $1,264,223.48 payoff sum as follows:

| | |
|---|---|
| Principal Balance | $871,987.27 |
| Total Interest due from 07/01/08 to 08/01/16 | $251,329.16 |
| Escrow Advance | $134,689.52 |
| Recoverable Balance[3] | $6,217.53 |

Payoff Statement at 3.  Plaintiff alleges that the payoff statement "stated that the current loan balance is approximately $1,264,223.48 despite the fact that the Deed of Trust and Promissory Note explicitly states [sic] that Plaintiff's unpaid principal balance could never exceed the maximum limit equal to $931,500.00, or 115% of the original principal balance of $810,000."  Compl. ¶ 16.  Plaintiff alleges five claims for relief based on Defendants' payoff statement: 1) declaratory relief; 2) violation of 15 U.S.C. § 1692e, the Fair Debt Collection Practices Act ("FDCPA"); 3) violation of California Civil Code section 1788.17; 4) breach of contract; and 5) negligence.  Defendants move to dismiss.

## II.   LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint.  *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  When reviewing a motion to dismiss for failure to state a claim, the court must "accept as true all of the factual allegations contained in the complaint," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (citation omitted), and may dismiss a claim "only where there is no cognizable legal theory" or there is an absence of "sufficient factual matter to state a facially plausible claim to relief."  *Shroyer v. New Cingular Wireless Servs., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)) (quotation marks omitted).  A claim has facial plausibility when a plaintiff "pleads factual

---

[2] The court grants Defendants' request for judicial notice of the payoff calculation as the document is referenced in the complaint and forms the basis for Plaintiff's claims.  *See Lee v. City of L.A.*, 250 F.3d 668, 698 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

[3] The payoff statement does not define "recoverable balance" but it is listed as a separate line item on the statement.

3

content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted).  In other words, the facts alleged must demonstrate "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)); *see Lee v. City of L.A.*, 250 F.3d 668, 679 (9th Cir. 2001), overruled on other grounds by *Galbraith v. Cty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

As a general rule, a court may not consider "any material beyond the pleadings" when ruling on a Rule 12(b)(6) motion.  *Lee*, 250 F.3d at 688 (citation and quotation marks omitted). However, "a court may take judicial notice of 'matters of public record,'" *id*. at 689 (citing *Mack v. S. Bay Beer Distrib.*, 798 F.2d 1279, 1282 (9th Cir. 1986)), and may also consider "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading," without converting a motion to dismiss under Rule 12(b)(6) into a motion for summary judgment.  *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994), overruled on other grounds by *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).  The court need not accept as true allegations that contradict facts which may be judicially noticed.  *See Mullis v. U.S. Bankr. Ct.*, 828 F.2d 1385, 1388 (9th Cir. 1987).

### III.   DISCUSSION

At the hearing, Plaintiff's counsel confirmed that all five claims for relief rest on the same theory, that Defendants' demand of $1,264,223.48 as the loan payoff amount exceeded the limit established by the deed of trust and promissory note, which was of 115% of the original principal balance or $931,500.  *See* Compl. ¶¶ 16, 19, 27, 37, 47, 56.

Defendants move to dismiss the complaint on the ground that Defendants did not seek payment of principal above the maximum limit.  As described above, the payoff statement lists the "principal balance" as $871,987.27, which is below the principal balance cap of $931,500.  When the remaining line items—interest due, escrow advance, and "recoverable balance"—are added to the "principal balance," the total payoff amount rises above the cap.  Defendants argue that neither the promissory note nor the deed of trust provide that these additional sums should be considered

part of the principal balance portion of the loan. They further argue that neither agreement prohibits Defendants from collecting a *total* sum greater than 115% of the total of the original principal balance of the loan. Instead, they argue, the promissory note and deed of trust provide only that the portion of the total amount due representing the unpaid principal cannot increase above 115% of the amount originally borrowed. Since the payoff statement provides that the principal balance is less than $931,500.00, Defendants argue that Plaintiff cannot maintain any claims based on the theory that Defendants did not comply with the terms of the promissory note and deed of trust by demanding the total sum of $1,264,223.48.

In response, Plaintiff repeats his allegation that the payoff statement "stated that the current loan balance is approximately $1,264,223.48 despite the fact that the Deed of Trust and Promissory Note explicitly states that Plaintiff's unpaid principal balance could never exceed the maximum limit equal to $931,500.00." Opp'n at 5; *see also* Compl. at ¶ 47. Essentially, Plaintiff conflates the "current loan balance" with the "unpaid principal balance," even though the payoff statement lists "principal balance" as only a portion of the current loan balance. In support, Plaintiff argues that the promissory note and deed of trust specifically provide that interest can be added to the unpaid principal balance, pointing to section 3(E) of the promissory note's adjustable rate rider, which states

> [s]ince my monthly payment amount changes less frequently than the interest rate, and since the monthly payment is subject to the payment limitations described in Section 3(D) [Calculation of Monthly Payment Changes], my Minimum Payment could be less than or greater than the amount of the interest portion of the monthly payment that would be sufficient to repay the unpaid Principal I owe at the monthly payment date in full on the Maturity Date in substantially equal payments. For each month that my monthly payment is less than the interest portion, the Note Holder will subtract the amount of my monthly payment from the amount of the interest portion *and will add the difference to my unpaid Principal*, and interest will accrue on the amount of this difference at the interest rate required by Section 2.

Promissory Note at ECF p. 34 (emphasis added). At the hearing, Plaintiff asserted that this provision means that any unpaid interest is added to the principal balance; in other words, the limit on the unpaid principal balance ($931,500.00) includes both the principal balance *and* all accrued interest. Opp'n at 4-5 ("the unpaid principal balance . . . includes the principal balance as well as

5

1   //

2   //

3   interest."). Therefore, according to Plaintiff, adding the $251,329.16 in unpaid interest on the

4   payoff statement to the $871,987.27 principal balance "brings the total unpaid principal balance to

5   $1,123,316.43," which exceeds the allowable maximum. Opp'n at 5. He argues that Defendants'

6   demand for $1,123,316.43 thus violated the terms of the parties' agreements that the unpaid

7   principal can never exceed $931,500.[4] Plaintiff further argues that any ambiguity in the

8   promissory note and deed of trust should be construed against Defendants because they drafted the

9   agreements.

10   "A contract term will be considered ambiguous when it is capable of two or more

11   constructions, both of which are reasonable." *Westport Ins. Corp. v. N. Cal. Relief*, 76 F. Supp. 3d

12   869, 879 (N.D. Cal. 2014). Whether language in a contract is ambiguous is a question of law to be

13   determined by the court. *Producers Dairy Delivery Co. v. Sentry Ins. Co.*, 41 Cal.3d 903, 912

14   (1986); *Brobeck, Phleger & Harrison v. Telex Corp.*, 602 F.2d 866, 871 (9th Cir. 1979). Here,

15   section 3(E) of the promissory note is not reasonably capable of the construction offered by

16   Plaintiff that all accrued interest becomes part of the principal balance of the loan. Instead, section

17   3(E) provides for only one limited instance in which interest becomes capitalized into the unpaid

18   principal balance: "[f]or each month that my monthly payment is less than the interest portion, the

19   Note Holder will subtract the amount of my monthly payment from the amount of the interest

20   portion and will add the difference to my unpaid Principal . . ." Promissory Note at ECF p. 34. It

21   does not state that interest accrued by any other means, including interest accrued due to the

22   borrower's default, is added to the principal balance of the loan. When read together with the

---

[4] In the complaint, Plaintiff also describes sections 14 and 16 of the deed of trust in his breach of contract claim for relief. Section 14, entitled "Loan Charges," provides in part that "Lender may charge Borrower fees for services performed in connection with Borrower's default . . . including, but not limited to, attorneys' fees, property inspection and valuation fees . . . Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law." Section 16, entitled "Governing Law; Severability; Rules of Construction," provides that the deed of trust "shall be governed by federal law and the law of the jurisdiction in which the Property is located." *See Compl*. ¶¶ 45, 46. Plaintiff does not address these provisions in his opposition or explain how they support his breach of contract claim.

//

//

maximum principal provision, section 3(E) addresses months in which the minimum monthly payment does not cover the interest portion and provides that the difference between the interest due and the minimum payment must be added to the principal balance. In the event that the unpaid principal exceeds 115% of the original principal balance due to the situation addressed in section 3(E), the maximum principal provision states that Plaintiff must pay a new monthly payment "in an amount that would be sufficient to repay [his] then unpaid Principal in full on the Maturity Date in substantially equal payments at the current interest rate." Maximum Principal Provision. In this way, the two provisions seek to prevent excessive negative amortization of the loan resulting from the borrower making only minimum payments.

At the hearing, Plaintiff's counsel stated her agreement with the above interpretation of section 3(E) and the maximum principal provision. She was unable to identify any other language in the promissory note or deed of trust supporting a different interpretation and did not identify any language in the agreements that Plaintiff contends is ambiguous. Since Plaintiff has not proffered a reasonable construction of section 3(E) of the promissory note, his claims based on the theory that Defendants' payoff statement violated the maximum principal provision are not cognizable and must be dismissed.

Under Rule 15(a), a court should grant leave to amend "when justice so requires," because "the purpose of Rule 15 . . . [is] to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc). A court may deny leave to amend for several reasons, including "undue delay, bad faith, . . . [and] futility of amendment." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). Because it is not clear that amendment would be futile, as ordered at the December 8, 2016 hearing, the court grants Plaintiff leave to amend the complaint by December 22, 2016.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is granted and Plaintiff's complaint is dismissed with leave to amend. Any amended complaint must be filed by December

22, 2016.

**IT IS SO ORDERED.**

Dated: December 14, 2016



Donna M. Ryu
United States Magistrate Judge